```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TIMOTHY KRAUS,

                      Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           18-CV-2386 (JS)

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:        Christopher J. Bowes, Esq.
                      54 Cobblestone Drive
                      Shoreham, New York 11786

For Defendant:        Candace S. Appleton, Esq.
                      United States Attorney's Office
                      Eastern District of New York
                      271 Cadman Plaza East
                      Brooklyn, New York 11201
```

SEYBERT, District Judge:

Plaintiff Timothy Kraus ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the Commissioner of Social Security's (the "Commissioner") denial of his application for social security disability insurance benefits. (Compl., D.E. 1, ¶ 1.) Pending before the Court are the parties' cross-motions for judgment on the pleadings. (Pl. Mot., D.E. 11; Comm'r Mot., D.E. 15.) For the following reasons, Plaintiff's motion is GRANTED and the Commissioner's motion is DENIED.

FILED
CLERK

8/8/2019 12:22 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

BACKGROUND[1]

On January 6, 2015, Plaintiff filed for disability insurance benefits, alleging that since August 31, 2013, right knee derangement, lumbar spine impairment, gastrointestinal disorder, World Trade Center-related gastroesophageal reflux disorder ("GERD"), and sleep apnea have rendered him disabled. (R. 112-13.) After Plaintiff's claim was denied, (R. 46-53), he requested a hearing before an Administrative Law Judge ("ALJ"), (R. 124-25). On March 16, 2017, Plaintiff appeared with his attorney for a hearing. (R. 81-111.) In a decision dated April 14, 2017, the ALJ found that Plaintiff was not disabled. (R. 15-25.) On February 15, 2018, the Social Security Administration's Appeals Council denied Plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner. (R. 1-3.)

Plaintiff filed this action on April 23, 2018 and moved for judgment on the pleadings on February 8, 2019. (Pl. Br., D.E. 12.) The Commissioner opposed Plaintiff's motion and cross-moved for judgment on the pleadings on April 9, 2019. (Comm'r Br., D.E. 16.) Plaintiff opposed the Commissioner's motion and

---

[1] The background is derived from the administrative record filed by the Commissioner on September 11, 2018. (R., D.E. 8.) "R." denotes the administrative record. For purposes of this Memorandum and Order, familiarity with the administrative record is presumed. The Court's discussion is limited to the challenges and responses raised in the parties' briefs.

2

replied in further support of his motion on April 15, 2019, (Pl. Opp., D.E. 18), and the Commissioner filed a reply on April 29, 2019, (Comm'r Reply, D.E. 20).

DISCUSSION

I.  The ALJ's Decision

The ALJ determined that Plaintiff had the residual functional capacity ("RFC")

> to perform sedentary work as defined in 20 CFR 404.1567(a) that includes the ability[:]
> - to sit six hours and
> - to stand/walk two hours in an eight-hour workday
> - with normal breaks and
> - lift/carry ten pounds occasionally.
>
> Further, [Plaintiff] can[:]
> - sit thirty minutes at a time followed by two-minute breaks,
> - occasionally bend, stoop, crouch, kneel, crawl and climb,
> - occasionally reach bilaterally overhead and behind,
> - frequently reach forward and
> - occasionally push and pull.

(R. 18 (bullet points added).) The ALJ found that while Plaintiff was unable to perform his past relevant work as a police officer, (R. 23), considering his RFC, age, education, and work experience, Plaintiff could make a successful adjustment to work existing in significant numbers in the national economy, (R. 24). The ALJ determined that as a result, Plaintiff was not disabled. (R. 25.)

II. Analysis

Plaintiff argues that the ALJ: (1) improperly rejected the opinions of Plaintiff's treating physicians, Drs. Mitchell Goldstein and Colin Clarke,[2] (Pl. Br. at 19-23); (2) improperly relied on the report of a non-specialist consultative physician, Dr. Chaim Shtock, who did not consider objective imaging testing identified by Plaintiff's treating physicians, (Pl. Br. at 19-23); and (3) concluded that Plaintiff did not have transferable work skills, but then improperly relied on vocational expert testimony identifying jobs that would require a finding of transferable job skills, (Pl. Br. at 24-25.)

The Commissioner contends that substantial evidence supports the ALJ's decision because the ALJ gave proper weight to the treating physicians' and the consultative examiner's opinions, (Comm'r Br. at 17-24), and the ALJ properly relied on the vocational expert's testimony, (Comm'r Br. at 25-26).

The Court applies the treating physician rule because Plaintiff filed his claim before March 27, 2017. See 20 C.F.R. § 404.1527.

As discussed, the RFC provides that Plaintiff can sit for six hours during an eight-hour workday. (R. 18.) At his

---

[2] Plaintiff also references a "Dr. John Vlartas," but his citation does not refer to notes from a Dr. Vlartas and the Court cannot locate any reference to a Dr. Vlartas in the record.

4

hearing before the ALJ, Plaintiff testified that his lower back pain prevents him from sitting for long periods. (R. 92.) An MRI of Plaintiff's lower back revealed a "[m]ild annular bulge" and "facet arthrosis,"[3] though there was "[n]o focal herniation, canal or foraminal narrowing." (R. 384.)

The notes of treating physician Dr. Goldstein of Orlin & Cohen Orthopedic Associates LLP reflect Plaintiff's consistent complaints of back pain and pain while sitting, and his lumbar examinations showed "diminished flexibility, [ ] extension, [ ] rotation and [ ] lateral bending." (See, e.g., R. 354-55, 357 (noting "LBP and stiffness, locked in am"), 358.) In a functional assessment questionnaire and narrative statement, Dr. Goldstein noted Plaintiff's difficulty sitting for long periods and opined that Plaintiff can sit for "less than 4 hours" "during an 8 hour work day," "would need to lie down during the workday," and "would require a sit-stand option." (R. 429-30, 432; see generally R. 429-35.)

The notes of treating physician and nuclear medicine specialist Dr. Clarke, (R. 22), consistently log Plaintiff's trouble sitting and tenderness and spasms in the "[l]umbar paraspinal musculature," (R. 421), and they document multiple

---

[3] Facet arthropathy is arthritis of "[t]he facet joints, which are located along the back of the spine." What is facet arthropathy?, MEDICALNEWSTODAY, https://www.medicalnewstoday.com/articles/320355.php.

5

administrations of "[t]rigger [p]oint [i]njections" in Plaintiff's "bilateral lumbar paraspinals" for his muscle spasms. (See, e.g., 401-05, 415, 417 ("His back pain is nearly constant and the patient is unable to maintain seated position for more than a few minutes without standing and repositioning."), 418-22.) In a functional assessment questionnaire, Dr. Clarke opined that Plaintiff can sit for less than four hours in an eight-hour workday, would need to lie down during the workday, and would need a sit-stand option. (R. 406-07; see also R. 408-12.)

According to the notes of treating physician Dr. Stephen Huish of Physicians Medical Rehabilitation Associates, PLLC, Plaintiff complained of lower back pain and difficulty sitting, and an examination revealed "dorsal tenderness with spasm" in the lumbar spine. (R. 348-49.)

In contrast, Dr. Shtock--a consultative examiner who had not reviewed Plaintiff's lumbar spine MRI, had not discussed the MRI with Plaintiff, (see R. 386),[4] and made only passing note of Plaintiff's well-documented back pain as "[r]eported history of . . . injury to the . . . lower back," (R. 388)--opined that Plaintiff would have no limitation for sitting for long periods, (R. 389). The ALJ gave this opinion "some weight." (R. 23.)

---

[4] During the examination, Plaintiff and Dr. Shtock did discuss Plaintiff's MRI scans of his right knee. (R. 386.)

6

In sum, consistent with treatment notes logging Plaintiff's back pain and pain while sitting, both treating physicians who opined on the matter found that Plaintiff could sit less than four hours during an eight-hour workday. Dr. Shtock's finding that Plaintiff had no limitations in sitting for long periods did not account for Plaintiff's lumbar spine MRI and Plaintiff's documented history of lower back pain and difficulty sitting. Accordingly, substantial evidence does not support the RFC to the extent that it provides Plaintiff can sit six hours in an eight-hour workday.[5] Significantly, at Plaintiff's hearing, the vocational expert testified that an individual in Plaintiff's position with generally his RFC who "could sit for [only] four hours total" would not have work available to him in the national economy. (R. 108-09.)

The parties also dispute whether the ALJ found that Plaintiff had no transferable job skills. In his written decision, the ALJ did not make a finding on transferability of job skills because it was "not material to the determination of disability." (R. 24.) Regarding the vocational expert's ("VE") testimony on

---

[5] That Plaintiff worked at a desk for the New York City Police Department following his knee injury does not change the analysis. Plaintiff testified that the deskwork was "a half-an-hour-on, a half-an-hour off," with his half-hour off spent in "a basement lounge [with] couches [where] [h]e could get comfortable." (R. at 91.)

7

this issue, the Court notes the following exchange during the hearing:

> Q[:] Yes, do we have transferrable skills, Your Honor, that would go to that level [level 8] of SVP?
>
> A[:] No, there are no transferable skills.
>
> ALJ: Police officer, no?
>
> VE: No.
>
> ALJ: It was a no.

(R. 110.) To the extent required, the testimony on this point can be clarified on remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion (D.E. 11) is GRANTED and the Commissioner's motion (D.E. 15) is DENIED. This matter is REMANDED for proceedings consistent with this Memorandum and Order, including further development of the record regarding the length of time Plaintiff can sit during an eight-hour workday.

The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    August __8__, 2019
          Central Islip, New York